**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Criminal Case No.**

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

1.    **SCOTT A. WHATCOTT,**
    aka Scott Wilson,

    Defendant.

---

**INDICTMENT**
18 U.S.C. § 1344(1) [Bank Fraud];
18 U.S.C. § 1028A(a)(1) [Aggravated Identity Theft];
18 U.S.C. § 1005 [False Entries to Bank Records];
18 U.S.C. § 1030(a)(4) [Unlawful Access to Protected Computer To Defraud]

---

The Grand Jury charges:

**INTRODUCTORY ALLEGATIONS**

At all times pertinent to this Indictment:

1.    Bank of America, N.A. was a financial institution the deposits of which were insured by the Federal Deposit Insurance Corporation.  Bank of America issued credit cards to consumers as part of its banking business, and maintained electronic information regarding the owners and transactions for such credit cards on its computer database, which was in Atlanta, Georgia.  Bank of America had a call center located at 301 South Rockrimmon Boulevard, Colorado Springs, Colorado.

2.    For the period of approximately June 2005 through on or about May 12, 2006, the defendant, SCOTT A. WHATCOTT was an employee at Bank of America's

Colorado Springs call center.  Defendant SCOTT A. WHATCOTT's responsibilities included familiarity with Bank of America's electronic database regarding its customers' credit cards, and entering debits and credits for such credit cards accounts.  Defendant SCOTT A.  WHATCOTT also was himself a Bank of America credit card holder.  Defendant SCOTT A. WHATCOTT resided in Colorado Springs, Colorado.

### COUNTS ONE THROUGH SEVEN
### 18 U.S.C. § 1344(1) (Bank Fraud)

3.	Paragraphs 1 and 2 of the Introductory Allegations are incorporated by this reference as though fully set forth herein.

**THE SCHEME TO DEFRAUD**

4.	Beginning in or about April 2006 and continuing thereafter until in or about June 2006, within the State and District of Colorado, defendant SCOTT A. WHATCOTT knowingly executed a scheme to defraud Bank of America.

5.	The scheme to defraud was carried out in the following manner:

	a.  As part of said scheme, the defendant, SCOTT A. WHATCOTT accessed Bank of America's computer system using the computer user names of his co-workers at Bank of America's call center in Colorado Springs, Colorado.

	b.  As part of said scheme, on or about April 26, 2006, the defendant, SCOTT A. WHATCOTT added himself as an authorized user to the Bank of America credit card account number ending in 3089 for Ramona Fricosu ("credit card #3089"), and thereafter, ordered a credit card in his name for that credit card account.

	c.  As part of said scheme, on or about May 4, 2006, the defendant, SCOTT A. WHATCOTT changed the account owner's information on Bank of America

credit card account number ending in 9831 ("credit card #9831") from "Scott Whatcott" to "Scott Wilson" and the Social Security number ("SSN") from WHATCOTT's assigned SSN to another SSN.

    d.  As part of said scheme, on or about May 8, 2006, the defendant SCOTT A. WHATCOTT changed the account owner's information on Bank of America credit card account # 3089 from "Ramona Fricosu" to "Ramona Wilson" and changed the SSN listed for that account.

    e.  As part of said scheme, between in or about April 2006 through in or about June 2006, the defendant, SCOTT A. WHATCOTT accessed the computer network of Bank of America at night or other times; logged in to the network using other Bank of America employees' user names, and completed electronic entries to create "Credit Purchase Balance" credits in various amounts to credit card account #9831 for the benefit of card owner "Scott Wilson," and/or to create "Credit Purchase Balance" credits in various amounts to credit card account #3089 for the benefit of card owner "Ramona Wilson."

    f.  Through his scheme to defraud Bank of America by making materially false entries, the defendant SCOTT A. WHATCOTT issued credits to the credit cards for "Scott Wilson" and "Ramona Wilson" in a total approximate amount of $330,291.

6.    To execute and attempt to execute the scheme described in paragraphs 4 and 5, above, on or about the dates listed below, in the State and District of Colorado, the defendant SCOTT A. WHATCOTT made false electronic entries in the Bank of America computer system, as follows:

| COUNT | DATE | TRANSACTION TO EXECUTE THE FRAUD |
|---|---|---|
| 1 | 4/26/06 | Logged in as another Bank of America employee; and completed a $50 "Credit Purchase Balance" to Ramona Friscosu's credit card account #3089 |
| 2 | 5/4/06 | Logged in as another Bank of America employee; changed account owner information from Scott Whatcott to "Scott Wilson," changed SSN, and completed a $200 Credit Purchase Balance to Scott Wilson's credit card account #9831 |
| 3 | 5/8/06 | Logged in as another Bank of America employee; changed account owner information from Ramona Fricosu to "Ramona Wilson", and changed SSN for credit card account #3089 |
| 4 | 5/9/06 | Logged in as another Bank of America employee, and completed a $400 "Credit Purchase Balance" to credit card account #3089 |
| 5 | 5/28/06 11:42 p.m. | Logged in as another Bank of America employee, and completed a $1,000 "Credit Purchase Balance" to credit card account #9831 |
| 6 | 6/4/06 11:21 p.m. | Logged in as another Bank of America employee, and completed a $1,000 "Credit Purchase Balance" to credit card account #9831 |
| 7 | 6/5/06 12:43 a.m. | Logged in as another Bank of America employee, and completed a $1,000 "Credit Purchase Balance" to credit card account #3089 |

7.  Each of the foregoing counts was in violation of Title 18, United States Code, Section 1344(1).

## COUNT EIGHT
### (18 U.S.C. Section 1028A(a)(1), (c)(5))

8.  On or about May 4, 2006, in the State and District of Colorado, SCOTT A. WHATCOTT, the defendant herein, did unlawfully possess and use a means of identification of another, to wit: SSN # 427-64-XXXX, and the name "Scott Wilson,"

during and in relation to the violations alleged in Counts 2, 5 and 6 of this Indictment, in violation of Title 18, United States Code, Section 1028A(a)(1), and 1028A(c)(5).

## COUNT NINE
### (18 U.S.C. Section 1028A(a)(1), (c)(5))

9. On or about May 8, 2006, in the State and District of Colorado, SCOTT A. WHATCOTT, the defendant herein, did unlawfully possess and use a means of identification of another, to wit: SSN# XXX-XX-7888, and the name "Ramona Wilson", during and in relation to the violations alleged in Counts 3, 4 and 7 of this Indictment, in violation of Title 18, United States Code, Section 1028A(a)(1), and 1028A(c)(5).

## COUNTS TEN THROUGH FOURTEEN
### (18 U.S.C. Section 1005)

10. Paragraphs 1 and 2 of the Introductory Allegations are incorporated by this reference as though fully set forth herein.

11. On or about the dates identified below, in the State and District of Colorado, SCOTT A. WHATCOTT, the defendant herein, while an employee of Bank of America, the monies and deposits of which were insured by the Federal Deposit Insurance Corporation, did make a false entry in the books, reports, or statements of Bank of America, with the intent to injure and defraud such bank and to deceive the officers of such bank; specifically, the defendant SCOTT A. WHATCOTT made the false entries identified below, by utilizing the user names of Bank of America employees to access improperly Bank of America's computer database, and thereafter made entries to create false credits in the amounts and to the credit card accounts, as follows:

| COUNT | DATE | NATURE OF FALSE ENTRY |
|---|---|---|
| 10 | 5/5/06 | Logged in as another Bank of America employee; and completed a $300 "Credit Purchase Balance" to credit card account #9831 |
| 11 | 5/5/06 | Logged in as another Bank of America employee, and completed a $330 "Credit Purchase Balance" to credit card account #3089 |
| 12 | 5/8/06 | Logged in as another Bank of America employee; and completed a $300 "Credit Purchase Balance" to credit card account #9831 |
| 13 | 5/9/06 | Logged in as another Bank of America employee; and completed a $400 "Credit Purchase Balance" to credit card account #9831 |
| 14 | 5/9/06 | Logged in as another Bank of America employee, and completed a $400 "Credit Purchase Balance" to credit card account #3089 |

12.     Each of the foregoing counts was a violation of Title 18, United States Code, Section 1005.

**COUNTS FIFTEEN THROUGH TWENTY**
**18 U.S.C. § 1030(a)(4) [Unlawful Access To Protected Computer To Defraud]**

13.     Paragraph 1 of the Introductory Allegations is incorporated by this reference as though fully set forth herein.

14.     On or about the dates listed below, within the State and District of Colorado, the defendant SCOTT A. WHATCOTT knowingly and with intent to defraud, accessed a protected computer without authorization and in excess of his authorized access, and by means of such conduct furthered the intended fraud and obtained moneys from Bank of America the value of which exceeded $5,000; namely, defendant SCOTT A. WHATCOTT made entries into Bank of America's computer system, using other Bank of America employees' computer user names without authorization and

otherwise exceeding his authorized access, and thereafter caused fraudulent "Credit Purchase Balance" credits made to credit card account #9831 and #3089, as follows:

| COUNT | DATE | UNLAWFUL COMPUTER ACCESS |
|---|---|---|
| 15 | 5/5/06 | Logged in as another Bank of America employee; and completed a $300 "Credit Purchase Balance" to credit card account #9831 |
| 16 | 5/5/06 | Logged in as another Bank of America employee, and completed a $300 "Credit Purchase Balance" to credit card account #3089 |
| 17 | 5/9/06 | Logged in as another Bank of America employee; and completed a $400 "Credit Purchase Balance" to credit card account #9831 |
| 18 | 5/28/06 11:42 p.m. | Logged in as another Bank of America employee, and completed a $1,000 "Credit Purchase Balance" to credit card account #9831 |
| 19 | 6/4/06 11:21 p.m. | Logged in as another Bank of America employee, and completed a $1,000 "Credit Purchase Balance" to credit card account #9831 |
| 20 | 6/5/06 12:43 a.m. | Logged in as another Bank of America employee, and completed a $1,000 "Credit Purchase Balance" to credit card account #3089 |

15. The foregoing counts were in violation of Title 18, United States Code, Section 1030(a)(4).

## COUNT TWENTY-ONE
## FORFEITURE ALLEGATION

16. The allegations contained in Counts 1 through 7, and 10 through 20 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(2).

17. Upon conviction of the offenses in violations of Title 18, United States Code, Section 1344(1) (Bank Fraud: Counts 1- 7); Section 1005 (False Entries to Bank

Records: Counts 10 -14) and Section 1030(a)(4) (Unlawful Access To Protected Computer to Defraud: Counts 15-20) of this Indictment, the defendant SCOTT A. WHATCOTT shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of, the said violations, including but not limited to the following:

**A.  MONEY JUDGMENT**

A sum of money equal to $47,240.21 in United States currency, representing the amount of proceeds obtained directly and indirectly as a result of the offenses, namely, violations of 18 U.S.C. Section 1344(1) (Bank Fraud: Counts 1- 7); Section 1005 (False Entries to Bank Records: Counts 10 -14) and Section 1030(a)(4) (Unlawful Access To Protected Computer to Defraud: Counts 15-20) , and involved in the offenses, for which the defendant is liable.

**B.  VEHICLE**

A vehicle, more particularly known as a 2005 Dodge Dakota Club Cab, Vin 1D7HW42N95S110449, representing property obtained directly and indirectly as a result of the offenses, Bank Fraud in violation of 18 U.S.C. § 1344.

18.     If any of the property described above, as a result of any act or omission of the defendant:

        a.     cannot be located upon the exercise of due diligence;

        b.     has been transferred or sold to, or deposited with, a third party;

        c.     has been placed beyond the jurisdiction of the court;

        d.     has been substantially diminished in value; or

      e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c), including but not limited to: a vehicle, more particularly known as a 2005 Dodge Dakota Club Cab, Vin 1D7HW42N95S110449, representing property obtained directly and indirectly as a result of the offenses.

All pursuant to 18 U.S.C. § 982(a)(2)(A) and 28 U.S.C. § 2461(c).

        A TRUE BILL

        <u>Ink signature on file in the clerk's office</u>
        Foreperson


TROY A. EID
United States Attorney


s/Patricia W. Davies
by: Patricia W. Davies
Assistant United States Attorney
U.S. Attorney's Office
1225 17th St., Ste. 700
Denver, CO 80202
Telephone: 303-454-0100
Fax:  303-454-0403
E-mail:  Patricia.Davies@usdoj.gov
Attorney for Government